DECISION AND JUDGMENT ENTRY
{¶ 1} This matter is before the court on an appeal from the judgment of the Lucas County Court of Common Pleas which granted appellee, Nationwide Fire Mutual Insurance Company ("Nationwide"), summary judgment against appellants, Pedro Munoz and Janice Munoz, and denied appellants' cross-motion for summary judgment. For the reasons that follow, we affirm the decision of the trial court.
 {¶ 2} On December 21, 1998, Pedro was a passenger in a car driven by Kim Munoz when they were involved in an automobile collision. Pedro sustained injuries as a result of this collision. At the time of the collision, appellants had a homeowners' insurance policy with Nationwide. Appellants sought to recover uninsured/underinsured motorist ("UM") coverage under their homeowners' policy. Appellants argue that because Nationwide's policy provides coverage for bodily injury to any residence employee, the policy is actually a motor vehicle liability policy for which UM coverage must be offered. Insofar as Nationwide failed to offer UM coverage, appellants argue that they are entitled to UM coverage as a matter of law.
 {¶ 3} In ruling on the parties' motions for summary judgment, the trial court declared that appellants were not entitled to UM coverage pursuant to their Nationwide policy. Appellants appeal this decision from the trial court and raise the following sole assignment of error:
 {¶ 4} "The trial court erred to the prejudice of the plaintiffs when it granted judgment to the defendant Nationwide on their motion for summary judgment on the Nationwide policy."
 {¶ 5} The version of R.C. 3937.18, effective at the time of the policy in this case, required that "no automobile liability or motor vehicle liability policy of insurance" may be provided unless UM coverage is offered. The phrase "automobile liability or motor vehicle liability policy of insurance" was defined in R.C. 3937.18(L) as:
 {¶ 6} "(1) Any policy of insurance that serves as proof of financial responsibility, as proof of financial responsibility is defined by Division (K) of section 4509.01 of the Revised Code, for owners or operators of the motor vehicles specifically identified in the policy of insurance;
 {¶ 7} "(2) Any umbrella liability policy of insurance."
 {¶ 8} Appellants argue that, pursuant to the definition in R.C.3937.18(L)(1), Nationwide's homeowners' policy qualifies as an "automobile liability or motor vehicle liability policy of insurance," for which UM coverage had to be offered. Insofar as Nationwide's homeowners' policy does not specifically identify any covered motor vehicle(s), we find that it is not an "automobile liability or motor vehicle liability policy of insurance," as such is defined by R.C.3937.18(L)(1). See Burkholder v. German Mut. Ins. Co., 6th Dist. No. L-01-1413, 2002-Ohio-1184 at ¶ 20-21.
 {¶ 9} Appellants additionally argue that because Nationwide's "Other Insurance" clause states that the policy provides excess coverage over other valid and collectible insurance that, in fact, Nationwide's policy is an "umbrella policy." As such, appellants argue that Nationwide was required to offer UM coverage. The policy states:
 {¶ 10} "Other Insurance — Coverage E — Personal Liability. This insurance is excess over other valid and collectible insurance. This does not apply to insurance written as excess over the limits of liability that apply in this policy."
 {¶ 11} We find that the "Other Insurance" clause of Nationwide's policy does not transform this policy into an umbrella policy. The homeowners' insurance policy is a primary policy of insurance and the "Other Insurance" clause merely apportions and prioritizes a loss when there is more than one primary policy in issue. See Dixon v.Professional Staff Mgmt., Franklin App. No. 01AP-1332, 2002-Ohio-4493 at ¶ 36; and Pillo v. Stricklin (Feb. 5, 2001), Stark App. No. 2000-CA-00201. Accordingly, we find that Nationwide's homeowners' policy is not an umbrella policy.
 {¶ 12} Based on the foregoing, we find that Nationwide was not required to offer appellants UM coverage and its failure to do so does not give rise to said coverage by operation of law. Accordingly, we find that the trial court was correct in granting Nationwide's motion for summary judgment and denying appellants' summary judgment motion. Appellant's sole assignment of error is therefore found not well-taken. The judgment of the Lucas County Court of Common Pleas is affirmed. Appellants are ordered to pay the court costs of this appeal.
JUDGMENT AFFIRMED.
Melvin L. Resnick, J., James R. Sherck, J., and Richard W. Knepper,J., CONCUR.